### ALFRED HERRICK *versus* JOSEPH JOHNSON & al.

In an action by an indorsee of a promissory note, indorsed before it fell due
" without recourse," where the defence set up was, that the note was ob-
tained by the fraudulent representations of the plaintiff, or that it was given
in consequence of a mutual mistake in the value and character of the land
for which the note was given, *it was held*, that a verdict for the plaintiff
should not be set aside for error in the instructions to the jury, when they
were instructed to find for the defendants, if there was fraud between the
plaintiff and the defendants, inducing the latter to make the purchase and
give the note in question; or if there was fraud between the vendors and
the defendants in obtaining the note declared on of which the plaintiff was
conusant; or if there was a mistake which went to the essence of the con-
tract, and the plaintiff procured such contract to be made, or was instru-
mental in making it.

ASSUMPSIT on a note, dated July 20, 1835, for $779,40,
given by the defendants to Tibbets & Dwinel, or order, and by
them indorsed to the plaintiff " without recourse," payable in
three years from date with interest.

The report of the case states, that " the defence set up was,
that the note was obtained by the fraudulent representations of
the plaintiff, or that it was given in consequence of a mutual
mistake in value and character of the consideration."

The defendants introduced testimony for the purpose of es-
tablishing their defence.

Herrick v. Johnson.

TENNEY J. presiding at the trial, instructed the jury, that if they found, that the plaintiff was a party to the negotiation of the sale and was instrumental in effecting it, although not nominally a party, any defence was open to the defendants which they could have set up in an action in the name of the payee of the note. If they were not satisfied that the plaintiff was interested in making the bargain, they would then inquire if the note was fraudulently obtained, and if so, then the defence was open unless the plaintiff could show, that the note came into his hands in the regular course of business, he having no knowledge of the fraud. If the defence was open on either of these grounds, to prove fraud in the inception of the note, they must be satisfied that it was obtained by false representations, known to be false by the person making them, with the intent to deceive ; that by them the defendants were deceived, while using common and ordinary prudence ; and that if fraud was procured by the plaintiff, it was the same as if done by him. If however the defendants wished to obtain an exaggerated, or any statement of the character of the land as to its value and condition, in the letter from Weston to Parks, for the purpose of making a sale of the same, and this without the procurement of the plaintiff, that the latter would not be responsible therefor, especially if done after the purchase ; but if from the evidence they were satisfied the plaintiff did induce Weston to give a false and fraudulent account thereof as an inducement to purchase, he would be responsible ; though, if Weston knew his own statements to the defendants to be false, the plaintiff would not be answerable therefor, unless such statements were procured to be made by the plaintiff. That if the defendants shut their eyes to the true value of the land, and if deceived by their own negligence in not using ordinary prudence and care, and obtained exaggerated accounts for the purpose of making sale, the plaintiff was not prevented from recovering on that account ; and in the inquiry whether ordinary prudence and care was used by the defendants, the fact of their not going on to the land when advised thereto by Weston, and their taking an

account from Weston in a letter to Parks after the purchase, was evidence for the jury on this question.

If there was such a mistake honestly made by the parties to the contract as went to the very essence thereof, that on that account the jury should deduct such an amount as they believed the deficiency to be from this note, or return a verdict for the defendants if the deficiency was the whole of this note. This was illustrated by the purchase of a tract of land honestly supposed by the parties to be of value, and in the location thereof, it turned out to be water, and of no value ; and of the purchase of a house believed by the parties to be existing, when in truth it had been burnt. But if the defect did not extend to the essence of the contract, but only so far as to make it of less value than was supposed by the parties, such as the purchasing a horse having no unsoundness, but less valuable than the parties believed, the jury would not be at liberty to annul the bargain, honestly made, though not advantageous to one of the parties ; that the jury would inquire whether the land was purchased for its intrinsic value, or the marketable value and for sale, and if for the latter, they would have a right to regard that in determining whether the defect went to the essence of the contract; that they were not to be governed by the value before or since the contract but at the time it was made ; that although the land was not offered to be re-conveyed by the defendants, still if the defence could avail on either of the grounds, on the principles before laid down, of fraud or mistake, they would still have a right to return a verdict for the defendants, if the jury believed they had already paid for the value of the land, the value to be estimated on said principles.

At the request of the defendants' counsel the jury were required to return in addition to their general verdict, the intrinsic value of the land ; and at the request of the plaintiff's counsel the marketable value thereof. The Judge was requested by the defendants' counsel, to instruct the jury that if there was a mutual mistake of more than one half the value of the land, as to the timber on the same, though both par-

ties acted in good faith, still if the plaintiff had been paid the full value of the land, he was not entitled to recover. The Judge declined to give this instruction, unless the mistake should extend to the essence of the contract in the opinion of the jury. A general verdict was returned for the plaintiff for the amount due on the note; and the intrinsic value of the land was found to be $625,00, and the marketable value $1831,25.

If any of the foregoing rulings and instructions were erroneous, or the requested instructions, which were withheld should have been given, the verdict was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

The arguments were in writing. They are too much extended for publication, and no abridgement can do them justice.

*J. Appleton*, for the defendants.

*H. Hamlin*, for the plaintiff.

At a succeeding term,

PER CURIAM. — The verdict in this case is not to be disturbed, unless the rulings of the Court or the instructions to the jury at the trial were erroneous. Upon a careful revision of those rulings and instructions we are of opinion, that they were as favorable to the defendants as could legally have been required. If there was fraud between the plaintiff and the defendants, inducing the latter to make the purchase and give the note in question, or if there was fraud between the vendors and the defendants in obtaining the note declared on, of which the plaintiff was conusant, or if there were a mistake which went to the essence of the contract, and if the plaintiff procured such contract to be made, or was instrumental in making it according to the rulings and instructions, the jury were to find for the defendants. We cannot see what more could reasonably have been desired.

As to what was said to the jury about the intrinsic and marketable value of the land, although it might not have been called for by the state of the evidence in the case, we do not

see that it could have tended to influence the jury unfavorably to the defendants; especially as the jury have found the land to be of substantial value under either of the alternatives presented.

*Judgment on the verdict.*